# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neal James Rolf,<br><br>        Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>        Respondents. | No. CV-15-00025-TUC-RCC (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Neal James Rolf (Petitioner), presently incarcerated at the Arizona State Prison Complex – Gila Unit, in Douglas, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondent's Answer to Petition for Writ of Habeas Corpus (Doc. 21), and Petitioner's Traverse (Reply) Brief Pursuant to Answer for Writ of Habeas Corpus Accord 28 U.S.C. § 2254 (Doc. 25). The Magistrate Judge **recommends** the District Court, after its independent review of the record, **dismiss** the Petition.

## **Factual and Procedural Background**

The Arizona Court of Appeals found the facts as follows:

> Viewed the light most favorable to sustaining the verdict, the evidence established that [Petitioner] believed the victim had been in the army for thirteen years and had been trained for combat; that she had become agitated and enraged before the shooting, threatening

> [Petitioner] verbally, performing karate-style kicks, punches, and chops, telling him she could kill him with her hands, and stating she was going to kill him. [Petitioner] left the room at one point, returned with his shotgun, and shot the victim in the head at close range, killing her.

(Doc. 21 at Ex. K at ¶ 4.)[1] After being tried for first degree murder, Petitioner was found guilty of the lesser-included offense of dangerous-nature manslaughter. (Doc. 21 at Exs. A, D, E, and F.) He was sentenced to 10.5 years in prison. (Doc. 21 at Ex. G.)

**The Direct Appeal**

On July 5, 2012, Petitioner's court appointed appellate counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) stating that she "has been unable to find any arguably meritorious issue to raise on appeal" and asked that the Arizona Court of Appeals "review the entire record for error detrimental to Appellant[.]" (Doc. 21 at Ex. I at p. 1, ¶ 1; p. 9, ¶ 17.) The Court of Appeals issued an order allowing Petitioner until August 6, 2012 to file a supplemental brief *pro se* raising additional points on appeal. (*Id.* at Ex. J.) Petitioner failed to file a *pro se* supplemental brief. (*Id.* at Ex. K at ¶ 1.) The Court of Appeals searched the record for reversible error, found none and affirmed Petitioner's conviction and sentence. (*Id.* at ¶¶ 2, 4.) Petitioner did not seek review in the Arizona Supreme Court. (*Id.* at Ex. L.)

**The Post-Conviction Relief Proceeding**

On January 2, 2013, pursuant to Arizona Rule of Criminal Procedure 32.4(a), Petitioner timely filed a Notice of Post-Conviction Relief (PCR) in the trial court. (*Id.* at Ex. M.) Counsel was appointed to represent Petitioner. (*Id.* at Ex. N.) On October 7, 2013, Petitioner's court appointed PCR counsel filed a Notice in

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a state court shall be presumed to be correct," including findings of fact by an appellate court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Runningeagle v. Ryan*, 686 F.758, 763 n. 1 (9th Cir. 2012).

Lieu of Petition for Post-Conviction Relief advising the trial court that she reviewed the entire record and was unable to find any arguably meritorious legal issues to raise in a PCR petition. (Doc. 21 at Ex. O.)

On January 22, 2014, Petitioner filed a *pro se* PCR petition in which he alleged a host of ineffective assistance of counsel (IAC) claims, a due process violation based on a second grand jury proceeding (instead of a preliminary hearing), and fundamental error in his sentencing. (*Id.* at Exs. P, Q, R, and S.) On March 21, 2014, the trial court dismissed the PCR petition. (*Id.* at Ex. T.) On May 30, 2014, Petitioner filed a petition for review of the trial court's ruling in the Arizona Court of Appeals. (*Id.* at Ex. U.) On September 8, 2014, the court of appeals issued its decision granting review and denying relief. *See State v. Rolf*, 2014 WL 4403112 (Ariz. App. 2014). Petitioner failed to seek review of the Arizona Court of Appeal's decision. (*Id.* at Ex. W.)

**The Petition**

The Petition seeks relief on five grounds. Petitioner claims that he was denied his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights based on (1) the alleged ineffectiveness of his trial, appellate, and PCR counsel (Ground One); (2) Petitioner's trial counsel's failure to object to the prosecution's waiver of the preliminary hearing and to a second grand jury proceeding and appellate counsel's failure to argue this issue on direct appeal (Ground Two); (3) the prosecution's use of the victim's mental health issues at sentencing and appellate counsel's failure to raise this issue on direct appeal (Ground Three); (4) the failure of trial counsel to object to purportedly incorrect jury instructions on self-defense and to the absence of a lesser-included offense instruction (Ground Four); and (5) the existence of newly discovered "material factors" that would change the outcome of sentencing and the failure to apply the rule of lenity in sentencing (Ground Five).

As more fully explained below, Petitioner's claim in Ground One

concerning his PCR counsel is non-cognizable. Petitioner's claims in Grounds Two and Three are exhausted but only as to trial counsel (and not as to appellate counsel). The claim in Ground IV is exhausted. The claim in Ground V is exhausted with the exception of the rule of lenity claim. The Court will consider the exhausted claims on their merits. The unexhausted claims are procedurally defaulted, the default cannot be excused, and the unexhausted claims are precluded from review.

## **Exhaustion and Procedural Default**

The Petition is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. In order to seek federal habeas relief a state prisoner must allege that he is being held in violation of federal law. 28 U.S.C. § 2254(a). With the exception of habeas petitions regarding life-sentences or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas relief once the Arizona Court of Appeals has ruled on them. *Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

A petitioner cannot exhaust a federal claim without "fairly presenting" the claim in state court proceedings and, in order to fairly present a federal claim in state court proceedings, a petitioner must describe both the operative facts and the federal law basis for the claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A prisoner describes a federal law basis for the claim by citing "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32. A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). A "'general appeal to a constitutional guarantee,'" such as due process, is insufficient to

achieve fair presentation for purposes of AEDPA. *Id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 163 (1996)).

All state remedies available for a federal claim must be exhausted before that claim may be presented in a petition for writ of habeas corpus under 28 U.S.C. § 2254(b)(1)(A). *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If the prisoner fails to fairly present his claim to the state court in a procedurally appropriate manner, the claim is "procedurally defaulted" and barred from federal habeas review. *See, e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). There are two categories of procedural default, express and implied. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). Express procedural default operates to bar a federal habeas claim where a state court expressly applied a procedural bar to the prisoner's claim when the prisoner attempted to raise the claim in state court. *See, e.g., Ylst,* 501 U.S. at 802-05. Implied default (also referred to as technical exhaustion) occurs when the prisoner never presented his claim in state court and returning the prisoner to state court to present that claim would be futile under the state's procedural rules. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989).

A procedural default may be excused if Petitioner establishes (1) "cause" and "prejudice," or (2) that a fundamental miscarriage of justice has occurred. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). "Cause" is a legitimate excuse for the default and "prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). (Citations omitted.) "Cause" that is sufficient to excuse procedural default is "some objective factor external to the defense" which precludes the petitioner's ability to pursue his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" in the habeas context means actual, objective harm resulting from the alleged error. *United States v. Frady*, 456 U.S. 152, 170 (1982) (a habeas petitioner "shoulder[s] the burden of showing, not merely that the errors…created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage" and

infected the state proceedings with errors of constitutional dimension). (Emphasis in original.) A fundamental miscarriage of justice may occur where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray,* 477 U.S. at 496 (holding that the merits of a defaulted claim could be reached "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent…").

The Court discusses the procedural status of the claims below.

<u>Ground One</u>: Petitioner styles Ground One for relief as an ineffective assistance of counsel (IAC) claim "on all [g]rounds." (Doc. 1 at p. 6.) The Petition asserts

> Rolf was denied his [Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights …] where various errors by trial and appellate and Rule 32 (P.C.R.) counsels (*sic*) deprived Mr. Rolf of effective assistance of counsel and therefore habeas relief is warranted.

(*Id.*) Petitioner further asserts

> Although each of the constitutional errors viewed separately may not rise to level (*sic*) of reversible error, their cumulative effect may nevertheless be so prejudicial to Mr. Rolf that reversal is warranted.

(Doc. 1-2 at p. 60-61.) In reply, Petitioner asserts that he has requested the Court review the "'cumulative effect' consideration" concerning "'violations-errors' by 'state court rulings.'" (Doc. 25 at p. 7.) The Court construes Ground One as asserting a cumulative error claim. Except as set forth immediately below, the Court will address Ground One after it has completed its procedural analysis and discussion of the claims made in Grounds Two through Five.

Federal habeas corpus relief is available only on behalf of a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (*per curiam*). There is no federal constitutional right to effective assistance of PCR counsel. 28 U.S.C. §

2254(i) ("The ineffectiveness or incompetence of counsel during federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Petitioner's claim in Ground One that his PCR counsel was ineffective is not cognizable on federal habeas review.

The remaining claim made in Ground One is discussed *infra*.

Ground Two: Petitioner asserts violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights based on his trial counsel's failure to object to the State's waiver of his preliminary hearing and to a "fundamentally unfair" second grand jury proceeding that allegedly contained "misinformation [and] perjured testimony." (Doc. 1 at p. 7; Doc. 1-1 at pp. 24-27.) Petitioner also asserts that his trial counsel failed to call him to testify at the second grand jury proceeding. (Doc. 1-1 at p. 26.) Petitioner presented these claims in the Arizona Court of Appeals and, as such, these claims are exhausted. *Castillo*, 399 F.3d at 998 n.3; *Swoopes*, 196 F.3d at 1010. The Court will address these claims on the merits.

Petitioner's claim in Ground Two regarding his appellate counsel's failure to raise the issue concerning the second grand jury proceeding on direct appeal is not exhausted. Petitioner only presented claims concerning his trial counsel (not his appellate counsel) to the Arizona Court of Appeals. (Doc. 21 at Ex. U at pp. 8-9.) A petitioner must present each factual basis for an IAC claim or it will be defaulted. *See, e.g., Moorman v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (IAC claims not raised in first state court Rule 32 petition not reviewable on federal habeas).

Petitioner argues that *Martinez v. Ryan*, 566 U.S. 1 (2012), permits him "for the first time [to] raise or incorporate appellate counsel's deficient performance […] on appeal." (Doc. 1 at p. 7.) In *Martinez*, the United States Supreme Court held that inadequate assistance of PCR counsel during a first PCR proceeding may establish cause to excuse the procedural default of an IAC claim. 566 U.S. 1.

However, the United States Court of Appeals for the Ninth Circuit has held that *Martinez* does not apply where defendants represent themselves. *See, e.g., Cook v. Ryan*, 688 F.3d 598, 601 (9th Cir. 2012) ("*Martinez* does not apply to this case given Cook's decision to represent himself…") Here, Petitioner represented himself in his state court PCR proceedings. (*See*, *e.g*., Doc. 21 at Exs. Q, R, and S.) Petitioner failed to present his claim regarding his appellate counsel in each appropriate state court. *Martinez* does not alter the consequences of Petitioner's failure to do so.

Petitioner cannot return to state court to exhaust his claim because the time period for exhausting it has expired. *See* Ariz. R. Crim. P. 32.2 (precluding PCR petitions in certain circumstances); 32.4(a) (PCR petition must be filed within 90 days after entry of judgment and sentence or within 30 days after the issuance of the order and mandate in the direct appeal); *State v. Mata*, 916 P.2d 1035, 1050-52 (Ariz. 1996) (en banc). Accordingly, Petitioner's IAC claim made in Ground Two regarding his appellate counsel is technically exhausted but procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Before the Court may consider the merits of Petitioner's procedurally defaulted claim he must establish "cause" and "actual prejudice" or a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314-315 (1995) (fundamental miscarriage of justice); *Murray*, 477 U.S. at 492 (cause and actual prejudice). Petitioner has made no effort to establish either cause or actual prejudice. (Doc. 1; Doc. 25.) Petitioner's effort to establish a fundamental miscarriage of justice falls short. In reply, Petitioner argues

> If the jury would have known that Rolf never intended to shoot Munsey – and was firing a worning-shot (*sic*) in to (*sic*) the air, and Munsey moved into the [b]last, this accident would have been a different result after the jury notification of said information with held (*sic*) by Rolf's counsel.

(Doc. 25 at p. 13.) (Quotations and underlying omitted.) Petitioner's admission to

firing the blast that killed Munsey does not establish his actual innocence for the crime of dangerous-nature manslaughter. Petitioner has failed to establish grounds that would allow the Court to excuse the procedural default. Accordingly, this Court is precluded from reviewing Petitioner's procedurally defaulted IAC claim regarding his appellate counsel.

<u>Ground Three</u>: Petitioner asserts violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights based on trial counsel's failure to object to the prosecution's use of the victim's mental health issues at sentencing when that evidence had been precluded at trial and appellate counsel's failure to raise the issue on direct appeal. (Doc. 1 at p. 8; Doc. 1-1 at pp. 27-31.) This claim is exhausted with respect to trial counsel because Petitioner presented this IAC claim to the Arizona Court of Appeals. (Doc. 21 at Ex. U. at pp. 9-10.) *Castillo*, 399 F.3d at 998 n. 3; *Swoopes*, 196 F.3d at 1010. The Court will address this portion of Ground Three on the merits.

However, as with Petitioner's appellate counsel IAC claim in Ground Two, the appellate counsel IAC claim in Ground Three was not raised in the Arizona Court of Appeals and is not properly exhausted. (Doc. 21 at Ex. U at pp. 10-13.) Petitioner cannot return to state court and exhaust this claim. *See* Ariz. R. Crim. P. 32.2, 32.4(a); *Mata*, 916 P.2d at 1050-52. Petitioner's Ground Three appellate counsel IAC claim is technically exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1.

As mentioned above, before the Court may consider the merits of Petitioner's procedurally defaulted claim he must establish "cause" and "actual prejudice" or a fundamental miscarriage of justice. *See Schlup*, 513 U.S. at 314-315 (fundamental miscarriage of justice); *Murray*, 477 U.S. at 492 (cause and actual prejudice). Petitioner has failed to establish cause and actual prejudice or that a fundamental miscarriage of justice may occur. Accordingly, this Court is precluded from reviewing Petitioner's procedurally defaulted IAC claim in Ground

Three regarding his appellate counsel.

<u>Ground Four</u>: Petitioner asserts violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights based on trial counsel's failure to object to a purportedly incorrect jury instruction on self-defense that omitted "sections of endangerment and intimidation on (in) [the] unlawful force section." (Doc. 1 at p. 9.; Doc. 1-1 at pp. 38-50.) Petitioner also claims it was error for the trial court to fail to give a lesser included offense instruction. (Doc. 1 at p. 9-A.) Petitioner presented the claims made in Ground Four to the trial court as well as the court of appeals. (Doc. 21 at Ex. Q at pp. 17-16, Ex. U at pp. 13-19.) Petitioner has properly exhausted these claims, *Castillo*, 399 F.3d at 998 n. 3; *Swoopes*, 196 F.3d at 1010, and the Court's ruling on the merits of Ground Four is discussed below.

<u>Ground Five</u>: Petitioner claims he was denied his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights when he "was denied effective assistance of counsel based on plain error" and that newly discovered material facts exist that would change the outcome of his sentencing. (Doc. 1 at p. 9-B.) Petitioner also makes a claim that the rule of lenity requires an 85% reduction in his sentence. (*Id*.) With the exception of his rule of lenity claim of error, Petitioner presented these claims to the court of appeals. (Doc. 21 at Ex. U at pp. 10-13; Doc. 1-1 at pp. 51-54.) The Court will address the merits of Petitioner's IAC claims based on plain error and newly discovered material facts.

As mentioned above, a petitioner must present each factual basis for ineffective assistance or it will be defaulted. *Moorman*, 426 F.3d at 1056 (IAC claims not raised in first state rule 32 petition are not reviewable on federal habeas). Since Petitioner has failed to present his rule of lenity claim in the Arizona Court of Appeals, this claim is not properly exhausted. Returning Petitioner to the state court to exhaust this claim would be futile. *See* Ariz.R.Crim.P. 32.2; 32.4(a). Petitioner's Ground Five rule of lenity claim is technically exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1.

Petitioner has failed to establish either a fundamental miscarriage of justice or both "cause" and "actual prejudice" in order for this Court to excuse the procedural default. *See Schlup* 513 U.S. at 314-315 (fundamental miscarriage of justice); *Murray*, 477 U.S. at 492 (cause and actual prejudice). In his reply Petitioner explains, "The rule of lenity is accord the question of law incorporated into the ground five (and three) together upon review by the Court of Appeals." (Doc. 25 at p. 28.) Petitioner appears to argue that his rule of lenity argument was presented to the court of appeals but a review of the record establishes otherwise. (Doc. 21 at Ex. U at pp. 10-13.) Petitioner has failed to establish either "cause" and "actual prejudice" or that a fundamental miscarriage of justice may occur to excuse the procedural default.

Petitioner's claim in Ground Five based on the rule of lenity is not reviewable by this Court.

<u>Summary</u>: Petitioner's IAC claim in Ground One relating to PCR counsel is non-cognizable. Petitioner's claims in Ground Two and Three are exhausted but only as to trial counsel. The claim in Ground IV is exhausted. The claims in Ground V are exhausted with the exception of the rule of lenity claim. The unexhausted claims made in Grounds Two, Three, and Five are all procedurally defaulted, the procedural defaults cannot be excused, and these claims are precluded from habeas review.

### **The Merits of Petitioner's Exhausted Claims**

Under AEDPA a state prisoner is not entitled to federal habeas relief with respect to any federal claim that was adjudicated on the merits in state court proceedings unless adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

> determination of the facts in light of the evidence presented in State court proceedings.

28 U.S.C. § 2254(d). This creates a standard that is "difficult [for a Petitioner] to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Furthermore, this "highly deferential standard for evaluating state-court rulings … demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (Citations and internal quotations omitted.) The petitioner carries the burden of proof. *Id*.

The "contrary to" and "unreasonable application" clauses in subsection (1) of § 2254(d) have independent meanings:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principles from our decisions but unreasonably applies it to the facts of the particular case. The focus on the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (Citations omitted). "Federal law" refers exclusively to holdings of the United States Supreme Court, rather than the Court's *dicta*, or the precedent of lower courts. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003); *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

**Standard for IAC Claims**

IAC claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. *Id.* at 687-88. The inquiry under *Strickland* is highly deferential, and "every effort [must] be made to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, to satisfy *Strickland's* first prong, deficient performance, a defendant must overcome "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* "A failure to raise untenable issues on appeal does not fall below the *Strickland* standard." *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002).

Because an IAC claim must satisfy both prongs of *Strickland*, the reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697 ("if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed"). A petitioner must affirmatively prove prejudice. *Id.* at 693. To demonstrate prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

<u>Ground One</u>: As mentioned above, Ground One is styled as a cumulative error claim. (Doc. 1 at p. 6.) "The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973) (combined effect of individual errors 'denied [Chambers] a trial in accord with traditional and fundamental standards of due process' and deprived Chambers of a fair trial)). "Under traditional due process principles, cumulative error warrants habeas relief only where the errors have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Perle*, 505 F.3d at 927 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "Such 'infection'

occurs where the combined effect of the errors had a 'substantial and injurious effect or influence on the jury's verdict." *Id*. (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). As explained below, the Court has found no merit with any of the claims made by Petitioner. It follows that Petitioner's cumulative error claim also fails.

Petitioner is not entitled to habeas relief on Ground One.

Ground Two: As mentioned above, Petitioner asserts violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights based on his trial counsel's failure to object to the prosecution's waiver of his preliminary hearing and to a "fundamentally unfair" second grand jury proceeding that allegedly contained "misinformation [and] perjured testimony."

Petitioner's claim regarding the preliminary hearing is without merit. There is no federal constitutional right to a preliminary hearing. *See Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010) ("… [T]here exists no federal constitutional right to a preliminary hearing to determine whether a case should proceed to trial.") (citing *Ramirez v. Arizona*, 437 F.2d 119, 119-20 (9th Cir. 1971) ("The Federal Constitution does not secure to a state court defendant a right to a preliminary hearing.")). Additionally, Arizona law allows the prosecution to dismiss an interim complaint and have a grand jury make a probable cause determination in lieu of a preliminary hearing. *See State v. Gomez*, 127 P.3d 873, 877-78, ¶ 25 (Ariz. 2006) (en banc) ("Arizona law allows a prosecuting attorney to proceed with felony charges by way of an indictment, which reflects a grand jury's determination that probable cause exists to believe the defendant has committed the charged offense, or by information."); *Segura v. Cunanan*, 196 P.3d 831, 837, ¶ 22 (Ariz. App. 2008) ("As an alternative to a preliminary hearing, the prosecution may establish probable cause by obtaining an indictment from a grand jury."). The Court finds no federal constitutional error in trial counsel's failure to object to the prosecution's waiver of the preliminary hearing and decision to proceed before a

grand jury.

Petitioner's claim that his trial counsel rendered ineffective assistance when he failed to object to a "fundamentally unfair" second grand jury proceeding that contained "misinformation and perjured testimony" is also without merit. Under applicable United States Supreme Court precedent, error in the grand jury proceedings becomes moot once a jury returns a verdict of guilty beyond a reasonable doubt. *See United States v. Mechanik*, 475 U.S. 66, 73 (1986) (petit jury's guilty verdict rendered harmless any conceivable error in the grand jury's charging decision). The law of the State of Arizona is the same. *See State v. v. Atwood,* 832 P.2d 593, 618 (Ariz. 1992) ("An error – even one with the potential to affect a grand jury's charging decision – is rendered harmless by the trial jury's subsequent guilty verdict.").

Moreover, in pretrial proceedings Petitioner's trial counsel successfully moved for a redetermination of probable cause because the grand jury had not been presented with exculpatory evidence. (Doc. 21 at Exs. B and C.) There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. A defendant must overcome "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. Scrutinizing counsel's conduct through the highly deferential prism as required by *Strickland*, the Court determines that Petitioner has failed to establish that his counsel's conduct fell below the *Strickland* standard. Petitioner has also failed to establish that the trial court objectively unreasonably applied *Strickland* to the facts of his case. Petitioner is not entitled to habeas relief on Ground Two.

<u>Grounds Three and Five</u>: As mentioned above, in Grounds Three and Five, Petitioner asserts violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights based on trial counsel's failure to object to the prosecution's

use of the victim's mental health issues at sentencing when that evidence had been precluded at trial. (Doc. 1 at p. 8; Doc. 1-1 at pp. 27-31.) Petitioner also claims that information about the victim (letters submitted by family members for sentencing purposes) constituted exculpatory evidence subject to *Brady v. Maryland*, 373 U.S. 83 (1963) that could have supported his justification defense. (Doc. 1 at p. 8; Doc. 1-1 at pp. 34-35.) Evidence is material under *Brady* "when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone*, 556 U.S. at 470. In its ruling dismissing Petitioner's PCR petition, the trial court reasoned, in relevant part,

> Petitioner contends that trial counsel was ineffective for not getting the victim's mental health records for a justification defense. As the State points out, counsel had no legal basis to support a request for these records. Petitioner was not entitled to present extrinsic evidence beyond what he knew at the time he shot the victim; the heart of the self-defense justification is whether Petitioner acted reasonably in using deadly force. A.R.S. §§ 13-404; 13-405 (explaining the use of force and deadly force self-defense justifications). Counsel's strategic decision not to waste time obtaining irrelevant records can't be grounds for an ineffectiveness claim.
> …
> Petitioner contends that the sentencing court committed fundamental error by allowing victim impact statements. This claim is precluded under Ariz. R. Crim. P. 32.2(a). Regardless, Petitioner is wrong. A.R.S. § 13-4426.01 explicitly allows a victim or the victim's representative to make a statement at sentencing.

(Doc. 21 at Ex. T at pp. 2-3.) The Court finds no federal constitutional error in the state court's resolution of Petitioner's claims in Grounds Three and Five. The state court correctly determined that the victim's mental health records were not relevant in that letters submitted by the victim's family and used at sentencing were not exculpatory evidence under *Brady*. Additionally, contrary to Petitioner's argument that the letters were used to enhance his sentence, Petitioner's sentence was not

- 16 -

aggravated. Petitioner was sentenced to a presumptive sentence of 10.5 years. (Doc. 21 at Ex. CC at p. 23.) The trial court stated at sentencing,

> Now, I know that Ms. Otto has explained to the victim's family that 21 years is not an available sentence in this case, I know you're asking for that, you wish he could receive 21 years, but that's not an available sentence. No aggravating factors were found by the jurors or attempted to be found.
>
> The jury worked very hard in the case. … And they reached their result. I respect the jury's verdict. I know it's not what the State asked for, but the jury worked hard. So I respect that and that's what I'm operating off of, the jury's verdict and how they saw it.
>
> They also didn't acquit Mr. Rolf and saw that he was acting in self-defense, but this case was very well tried by both defense and State's perspective.
> ..
> So having found, frankly, no mitigation that offsets anything that would offset the presumptive sentence in this case, which does seem appropriate, the presumptive sentence of ten and a half years does seem appropriate for the crime and for the jury verdict.

(Doc. 21 at Ex. CC.)

Finding no federal constitutional error, Petitioner is not entitled to habeas relief on Grounds Three and Five.

<u>Ground Four</u>: Petitioner argues his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights based on the trial court's failure to object to purportedly incorrect jury instructions on self-defense that omitted "sections of endangerment and intimidation" in the "unlawful physical force section," and to the absence of a lesser included offense instruction. (Doc. 1 at p. 9-9-A; Doc. 1-1 at pp. 38-50.) Instruction number 25 given by the trial court instructed the jury on justification for self-defense. (Doc. 21 at Ex. BB at pp. 81-82.) The instruction read to the jury mirrors Ariz.Rev.Stat. § 13-404, the statute defining the defense of

- 17 -

justification. (*Compare* Doc. 21 at Ex. BB at pp. 81-82 *with* Ariz.Rev.Stat. § 13-404.) In fact, Ariz.Rev.Stat. § 13-404 does not mention endangerment or intimidation.

The trial court also instructed the jury on justification for defense of premises and justification for use of force and crime prevention. S*ee* Ariz.Rev.Stat. §§ 13-407 and 13-411. Upon comparing the language of in A.R.S. §§ 13-407 and 13-411 with the record of the trial court's instruction to the jury this Court finds no error by the trial court. (*Compare* Doc. 21 at Ex. BB at pp. 83-84 *with* Ariz.Rev.Stat. §§ 13-407, 13-411.) Additionally, a lesser included offense instruction was given to the jury. Indeed, Petitioner was convicted of the lesser included offense of dangerous nature manslaughter rather than first degree murder. Trial counsel's failure to object to correct jury instructions is neither deficient nor prejudicial under *Strickland*.

Petitioner is not entitled to habeas relief on Ground Four.

### **Evidentiary Hearing**

Petitioner has requested an evidentiary hearing. (Doc. 1 at p. 14.) The AEDPA imposes "'an express limitation on the power of a federal court to grant an evidentiary hearing" and limits "considerably the degree of the district court's discretion" to order such a hearing. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 336 (4th Cir. 1998)). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181. Section 2254(e)(2) controls whether a petitioner may receive an evidentiary hearing in federal district court on the claims that were not developed in the state courts. *See Williams*, 529 U.S. at 429.

Petitioner is not entitled to a hearing on his exhausted claims. *See Cullen*, *supra*. As to Petitioner's unexhausted claims, the AEDPA bars a hearing

- 18 -

> unless [Petitioner] shows that –
>
> (A) the claim relies on –
> …
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

*Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000) (citing 28 U.S.C. § 2254(e)(2)(A)(ii)-(B)). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Williams*, 529 U.S. at 437. If the prisoner fails to diligently develop his claim in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements (set forth in § 2254(e)(2)) are met. *Williams*, 529 U.S. at 437. Even if a prisoner satisfies 28 U.S.C. § 2254(e)(2)'s requirements, the Court is not required to grant an evidentiary hearing. *See Downs*, 232 F.3d at 1041 ("[E]ven assuming Downs's claim could clear the hurdle posed by § 2254(e)(2), the fact that a hearing would be permitted does not mean that it is required. The district court retains discretion whether to hold one.")

Petitioner was not diligent in presenting his unexhausted claims to the state courts as he failed to present several claims that he makes in his Petition at all appropriate levels of his state court proceedings. Petitioner did not diligently pursue the factual development of his claims (as he is required to) before this Court may exercise its discretion and hold an evidentiary hearing. Petitioner's request for an evidentiary hearing should be denied.

## RECOMMENDATION

Petitioner's claim in Ground One concerning his PCR counsel is non-

cognizable and the remaining portion of Ground One without merit. Petitioner's claims in Grounds Two and Three regarding his appellate counsel and Petitioner's rule of lenity claim in Ground Five are procedurally defaulted, the default cannot be excused and these claims are not reviewable by this Court. Petitioner's claim in Ground Two regarding his trial counsel's failure to object to a second grand jury proceeding is without merit. Petitioner's claim in Ground IV regarding the jury instructions is without merit. Petitioner's exhausted claims in Grounds Three and Five regarding evidence used at sentencing and the alleged aggravation of Petitioner's sentence are without merit. Petitioner is not entitled to an evidentiary hearing on any of his claims. Based on the foregoing, the Magistrate Judge recommends the District Court **DISMISS** the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **15-CV-00025-RCC**.

Dated this 24th day of May, 2017.

_____
Honorable D. Thomas Ferraro
United States Magistrate Judge